82 F.3d 417
 1996 O.S.H.D. (CCH) P 31,029
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DIXIE FUEL COMPANY, Petitioner,
v.
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION; Secretary
of Labor, Mine Safety and Health Administration,
Respondents.
 No. 95-3721.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 Before: NORRIS, SILER, and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 Dixie Fuel Company (Dixie) appeals a decision by the Federal Mine Safety and Health Review Commission (FMSHRC) denying its petition for discretionary review. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, a Mine Safety and Health Administration (MSHA) inspector conducted a regular quarterly inspection of one of Dixie's mines. After he observed loose and cracked roof conditions, the inspector issued Dixie a citation based on a violation of the mandatory safety standard set forth in 30 C.F.R. § 75.202(a). Dixie contested this citation and the civil penalty of $3,500. After a hearing, an Administrative Law Judge (ALJ) issued a decision affirming the violation. The FMSHRC denied discretionary review. On appeal, Dixie presents the same issues presented before the Commission, and has added the argument that the ALJ failed to make sufficient findings to support the penalty assessment.
 
 
 3
 This court will not consider Dixie's argument that the ALJ did not present sufficient findings to support the penalty assessment because Dixie did not first present this argument to the Commission. Thus, Dixie has not preserved this issue for review by this court. 30 U.S.C. § 816(a)(1); Chaney Creek Coal Corp. v. Federal Mine Safety and Health Review Comm'n, 866 F.2d 1424, 1432 (D.C.Cir.1989). Moreover, Dixie has not demonstrated "extraordinary circumstances" to excuse its failure to present this issue to the Commission. 30 U.S.C. § 816(a)(1).
 
 
 4
 This court must uphold the findings of the Commission that are substantially supported by the record, and defer to the factual findings of the ALJ as long as they are "supported by substantial evidence on the record considered as a whole." 30 U.S.C. § 816(a)(1); Thunder Basin Coal Co. v. Reich, 114 S.Ct. 771, 777 (1994); Buck Creek Coal v. Federal Mine Safety and Health Admin., 52 F.3d 133, 135 (7th Cir.1995). Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support a conclusion. See Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 There is no merit to Dixie's claim that the ALJ erred when he did not question the mine inspector's competence to issue Dixie the citation in question. Responsibility for enforcement of the safety standards set forth under the Act is with the MSHA, which is within the Department of Labor. 30 U.S.C. § 813(a). The Act provides that the Secretary shall issue citations and impose civil penalties for violations of the Act or standards promulgated under the Act. 30 U.S.C. §§ 814(a) and 820(a).
 
 
 6
 The inspector issued the citation in question pursuant to § 814(a), after observing a violation of the mandatory safety standard set forth in 30 C.F.R. § 75.202(a), and he supported his citation with a thorough report. Under this regulation, this inspector did not have the discretion to decide whether or not to issue a citation, but was required to do so and to suggest a penalty for the violation. Dixie does not question the validity of the inspector's certification to conduct inspections and issue citations under the Act and regulations. The ALJ determined that the inspector's report and testimony at the hearing was credible and it is not within the province of this court to question credibility decisions on appeal. Helen Mining Co. v. FMSHRC, 16 F.3d 1291, 1293 (D.C.Cir.1994) (per curiam); Chaney Creek Coal, 866 F.2d at 1431.
 
 
 7
 Dixie also challenges, as allegedly arbitrary and capricious, the ALJ's finding that Dixie's violation reached the level of an "unwarranted failure" to comply with a mandatory health standard. 30 U.S.C. § 814(d)(1). The Act provides that, if upon inspection of a coal mine, a representative finds a violation that is caused by an "unwarranted failure of such operator to comply with such mandatory health or safety standards, he shall include such finding in any citation given to the operator under this chapter...." 30 U.S.C. § 814(d)(1). Unwarrantable failure may be established by showing that a violative condition or practice was not corrected prior to the issuance of a citation or order because of indifference, willful intent or serious lack of reasonable care. Buck Creek Coal, 52 F.3d at 136 (quoting Emery Mining Corp. v. Secretary of Labor, 9 FMSHRC 1997, 2001 (1987)). Id. It has been defined as an intentional or knowing failure to comply or reckless disregard for the health and safety of miners. Id.
 
 
 8
 The ALJ noted that Dixie was aware of the hazardous conditions at the time of a pre-shift examination which took place prior to the inspection. Nevertheless, Dixie allowed its miners to work in the area under these dangerous conditions. Thus, the ALJ's conclusion that the company's violation was a result of unwarrantable failure is also supported by substantial evidence. Lastly, it does not appear from the record that the ALJ placed the burden of proof on Dixie to show that it was innocent of the offense, rather than requiring the Secretary to show that Dixie violated § 75.202(a).
 
 
 9
 Accordingly, Dixie's petition for review is denied.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation